IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-127-D
No. 7:22-CV-33-D

| | |
|---|---|
| JESSE GABRIEL MARKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 28, 2022, Jesse Gabriel Marks ("Marks" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 360-month sentence [D.E. 73]. On February 28, 2022, Marks moved for appointment of counsel [D.E. 74]. On May 9, 2022, Marks filed a corrected section 2255 motion [D.E. 77]. On August 2, 2022, the government moved to dismiss Marks's motions [D.E. 84] and filed a memorandum in support [D.E. 85]. On August 3, 2022, the court notified Marks about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 86]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Marks did not respond, and the time in which to do so has expired. As explained below, the court denies Marks's motion for appointment of counsel, grants the government's motion to dismiss, and dismisses Marks's section 2255 motions.

I.

On September 24, 2020, pursuant to a written plea agreement, Marks pled guilty to one count of sex trafficking by force, fraud, or coercion. See [D.E. 44]; Plea Agr. [D.E. 47]; PSR [D.E. 60]. On May 7, 2021, the court held Marks's sentencing hearing and found Marks's total offense level

to be 36, his criminal history category to be VI, and his advisory guideline range to be 324 to 405 months' imprisonment. See Sent. Tr. [D.E. 81] 4–5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Marks to 360 months' imprisonment. See id. at 39–45; [D.E. 70]. Marks did not appeal.

II.

In Marks's section 2255 motions, Marks argues his appointed counsel (1) was afraid to defend a "sex case;" (2) did not contest the "lies" in the PSR; (3) failed to advise him about the impact of victim statements on the advisory guideline range (4) threw him "to the wolves to be killed" because he was not sent to a prison "safe" for sex offenders; (5) failed to discredit the statements of "R.L." at sentencing; (6) and failed to challenge the "outrageous restitution" Marks has to pay. Marks also alleges prosecutorial misconduct. [D.E. 73, 77].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In

2

reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

3

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Marks contends that his appointed counsel was "scared of defending a sex case," was "afraid of the" prosecutor, and ignored that the prosecutor's case was "built from hearsay from unreliable drug addicted prostitutes." [D.E. 77] 4. To the extent Marks is challenging his guilty plea and asserts he wanted to go to trial, Marks's sworn statements during his Rule 11 proceeding contradict this claim, and Marks's sworn statements bind him. See Rule 11 Tr. [D.E. 80]; see, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); Lemaster, 403 F.3d at 221–23. At his Rule 11 hearing, while under oath, Marks affirmed he was fully satisfied with counsel's services. Marks affirmed that no one had threatened him or anyone else or forced him in any way to plead guilty. Marks also affirmed that he read the plea agreement and discussed it with his attorney and that he understood each term in the plea agreement before signing it. Marks also affirmed to the court that he committed the charged offense. See Rule 11 Tr. at 13, 20–24, 28; Strickland, 466 U.S. at 691 ("Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant."). Accordingly, Marks's guilty plea was knowing and voluntary, and the court accepted Marks's plea with a proper factual basis. Additionally, based on Marks's sworn statements, the Rule 11 transcript, and the PSR, the court rejects Marks's claim that his counsel feared going to trial, feared the prosecutor, or believed that the government's case was built on hearsay.

4

To the extent Marks argues that his counsel did not provide adequate adversarial representation, the record rebuts this argument. Marks's counsel sought and received discovery from the government, obtained extensions of time to analyze the evidence and make motions, and obtained a favorable plea agreement for Marks which included stipulations from the government to not apply certain enhancements. See [D.E. 15, 23, 25, 27, 30, 32, 34, 36, 47]. Therefore, this claim fails. See Strickland, 466 U.S. at 687–96.

Marks alleges that his counsel at sentencing failed to contest the "lies" in the PSR, failed to suppress the statements of "R.L.," and failed to challenge the amount of restitution. See [D.E. 77] 4. The record rebuts Marks's claim regarding objections to the PSR. Counsel made numerous objections to the PSR, including raising Marks's concerns about the credibility of witnesses. See [D.E. 57]. At the sentencing hearing, Marks's counsel specifically noted Marks's objections to the evidence and the testimony of his victims. See Sent. Tr. at 12, 36–37. Thus, the claim fails. See Strickland, 466 U.S. at 687–96.

To the extent Marks argues that his counsel should have filed a motion to suppress the testimony of R.L. before the sentencing hearing, where an ineffectiveness claim is based on counsel's failure to file a motion to suppress, "[u]nder the deficient performance prong of Strickland, it is enough to call into question counsel's performance that an unfiled motion would have had 'some substance.'" Grueninger v. Dir., Virginia Dep't of Corr., 813 F.3d 517, 524–25 (4th Cir. 2016) (citation omitted); see Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). "And the prejudice prong in such cases has two distinct components, with the petitioner required to show both (1) that the motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial." Grueninger, 813 F.3d at 525; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Tice, 647 F.3d at 104.

5

Marks's section 2255 motion does not suggest that a motion to suppress R.L.'s statement before sentencing would have had any merit. Alternatively, Marks has not plausibly alleged prejudice. After all, Marks stipulated to the advisory guideline range in his plea agreement, the court used that advisory guideline range, and R.L.'s account did not affect Marks's advisory guideline range. See Plea Ag. ¶ 5; PSR ¶ 131. Thus, the claim fails. See Strickland, 466 U.S. at 687–96.

As for the amount of restitution, Marks stipulated to the restitution in his plea agreement. See Plea Ag. ¶¶ 2(b), 3(a)(11). Any objection by counsel at sentencing to the restitution amount would have been baseless. The Sixth Amendment does not require a lawyer to make all non-frivolous objections, much less baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). Thus, the claim fails. See id.

Alternatively, Marks has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Marks has not plausibly alleged that counsel could have done something differently to obtain a different sentence for Marks. Indeed, the court noted that even if it miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. 50. This court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Marks. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam)

6

(unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, the claim fails.

Marks also argues that counsel was ineffective for failing to place Marks in a safer environment for sex offenders. See [D.E. 77] 4. The placement of a prisoner lies solely within the discretion of the Bureau of Prisons ("BOP"). See 18 U.S.C. §§3621(a), (b). Because Marks's specific placement within the BOP was outside the control of his appointed counsel, Marks's claim fails. See United States v. Shoop, 2015 WL 6610690, at *2 (D. Kan. Oct. 30, 2015) (unpublished); United States v. Alcantar, 2011 WL 2448247, at *3 (C.D. Cal. June 17, 2011) (unpublished).

Finally, Marks alleges prosecutorial misconduct. Specifically, Marks argues that the prosecution improperly discredited a psycho-sexual evaluation favorable to Marks at sentencing, called Marks a "rapist" during the sentencing hearing, and "lie[d] to the news media" and "slandered [his] name" after the hearing [D.E. 77] 5; Sent. Tr. at 31.

As for the alleged prosecutorial misconduct, Marks procedurally defaulted this claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Marks from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Marks has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

7

Alternatively, in assessing a prosecutorial misconduct claim, the court must determine "whether the conduct so infected the [sentencing hearing] with unfairness as to make the resulting [sentence] a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (quotation omitted). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's ... conduct [was] improper and, second, the defendant must show that such ... conduct prejudicially affected his substantial rights...." Id.; see United States v. Caro, 597 F.3d 608, 624–25 (4th Cir. 2010).

Discrediting a defendant's evidence does not constitute prosecutorial misconduct. As for the prosecutor describing calling Marks as a "rapist" during the sentencing hearing, the prosecutor was not making an unfair or false statement. Several victims reported viewing videos or directly witnessed Marks having "sexual activity with unconscious or nearly unconscious women who were in no shape to consent to anything." Sent. Tr. at 31. Moreover, Marks's unsupported allegation of "slander" after the sentencing hearing did not plausibly affect the sentencing hearing or Marks's substantial rights. Therefore, Marks's prosecutorial misconduct claim fails.

After reviewing the claims presented in Marks's motions, the court finds that reasonable jurists would not find the court's treatment of Marks's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

As for Marks's motion to appoint counsel, no right to counsel exists on collateral review absent extraordinary circumstances. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555–57 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296

8

(1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). No extraordinary circumstances exist warranting the appointment of counsel. Thus, the court denies Marks's motion.

III.

In sum, the court, GRANTS respondent's motion to dismiss [D.E. 84], DISMISSES petitioner's section 2255 motions [D.E. 73, 77], DENIES petitioner's motion to appoint counsel [D.E. 74], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 8 day of November, 2022.

JAMES C. DEVER III
United States District Judge